**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **STEFHANY E. RODRIGUEZ** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO:** |
| | ) | **2:15-cv-1775-KOB** |
| **AMERICA'S FAVORITE** | ) | |
| **CHICKEN COMPANY, INC.** | ) | |
| **d/b/a CHURCH'S CHICKEN,** | ) | |
| **an Alabama Foreign Corp,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION**

Plaintiff Stefhany Rodriguez sued Yum Enterprises LLC, Cajun Global LLC, and Cajun Operating Company Inc., alleging in Counts I and II these entities violated the Fair Labor Standards Act by failing to pay her minimum wage and compensate her for overtime pay. Ms. Rodriguez also alleges in Count III that the Defendants failed to properly supervisor her manager, Michelle Irene Roberts, who assaulted her at work. Yum Enterprises moved to dismiss the negligent supervision claim. (Doc. 16). Cajun Global and Cajun Operating Company, the franchisor defendants, moved to dismiss the complaint in its entirety. (Doc. 20). Because Counts I and II fail to state a claim upon which relief can be granted against the Franchisors and the court lacks jurisdiction over Count III, the court will grant both motions.

## I.    STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss attacks the legal sufficiency of the complaint. The Federal Rules of Civil Procedure require the complaint to provide "a short and plain statement of the claim" demonstrating that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(1). A plaintiff

must provide the grounds of his entitlement, but Rule 8 rarely requires "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41,47 (1957)). Rule 8 does, however, "demand[ ] more than an unadorned, the-defendant-unlawfully -harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards nor do pleadings suffice that are based merely upon "labels or conclusions" or "naked assertions" without supporting factual allegations. *Twombly*, 550 U.S. at 555, 557.

The Supreme Court explained that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting and explaining its decision in *Twombly*, 550 U.S. at 570). To be plausible the claim must contain enough facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

The Supreme Court has identified "two working principles" for the district court to use in applying the facial plausibility standard. The court must assume the veracity of *well-pleaded factual* allegations; however, the court need not accept as true legal conclusions even when "couched as [] factual allegation[s]" or "threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements." *Iqbal,* 556 U.S. at 678. The second principle is that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. Under prong one, the court determines the factual allegations that are well-pleaded and assumes their veracity, and then proceeds, under prong two, to determine the claim's plausibility given the well-pleaded facts. That task is "context-specific" and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Id.* If the court determines that well-pleaded facts, accepted as true, state no plausible claim, the claim must be dismissed. *Id.*

## II.    STATEMENT OF THE FACTS

Ms. Rodriguez's amended complaint alleges three causes of action against all Defendants: (1) a violation of the FLSA for failure to pay overtime pay; (2) a violation of the FLSA for failure to pay minimum wage; and (3) negligent supervision under Alabama state law.

To support those claims, Ms. Rodriguez alleges these facts. Church's Chicken in Alabaster, Alabama employed Ms. Rodriguez as a counter customer service employee from August 22, 2014 until September 5, 2015. Yum Enterprises operates the Church's Chicken under a franchise agreement with Cajun Global and Cajun Operating Company.

Ms. Rodriguez alleges that she often worked over forty hours during a week but did not receive overtime pay. Ms. Rodriguez claims she is owed $2,632 in back-pay for 120 unpaid overtime hours, and that she was forced to work while not on the clock and received no compensation for that work. Further, Ms. Rodriguez alleges that she was paid in cash and that no taxes were withheld from her pay. These practices, Ms. Rodriguez claims, violated FLSA.

On September 5, 2015, Ms. Rodriguez alleges that her supervisor, Ms. Roberts, attacked her. Ms. Roberts placed Ms. Rodriguez's in a chokehold, suffocated her, threw Ms. Rodriguez to

the floor and struck her face. Ms. Rodriguez required treatment for her injuries at a local hospital.

Ms. Rodriguez alleges that the Defendants knew that Ms. Roberts was trouble. The complaint claims that the Defendants knew Ms. Roberts "was managing employees with an iron fist, making routine threats, making disparaging comments to employees, and had made various verbal threats to harm employees." (Doc. 12 at ¶ 33). Further, Ms. Rodriguez claims the Defendants knew Ms. Roberts "displayed a violent method of managing subordinate employees." *Id*.

## III. DISCUSSION

### A. FLSA Claims

Yum Enterprises, the operator of the Church's Chicken, has not moved to dismiss Ms. Rodriguez's FLSA claims against it. Only Cajun Global and Cajun Operating Company have moved to do so. The Franchisors argue that Ms. Rodriguez has failed to plead facts that would show that these entities were her employers under the FLSA.

The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). An entity "employs" a person under the FLSA if it "suffer[s] or permit[s]" the individual to work. 29 U.S.C. § 203(g). "Economic reality," rather than agency principles, dictates whether a party is an employer under the statute. *Goldberg v. Whitaker*, 366 U.S. 28, 33 (1961); *see also Brouwer v. Metro. Dade Cty.*, 139 F.3d 817, 819 (11th Cir. 1998) ("To determine whether an employment relationship existed, we look at the 'economic reality' of all the circumstances."). To examine the economic reality, the court considers four factors: "whether the alleged employer (1) had the power to hire and fire employees, (2) supervised and controlled work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Villarreal v. Woodham*, 113

F.3d 202, 205 (11th Cir. 1997) (quoting *Bonnette v. Cal. Health & Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983)).

Ms. Rodriguez has alleged that Cajun Global and Cajun Operating Company each "owns, controls, and has a managing/oversight role in its franchisee" and are each "considered an employer within the meaning of the Fair Labor Standards Act." (Doc. 12 at ¶ ¶ 8, 11). However, these allegations, if proven, would not show that Cajun Global and Cajun Operating Company were her employers. *Cf. Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1381 (S.D. Fla. 2012) (finding that the plaintiff stated a claim by alleging that "each of the individual Defendants . . . regularly exercised authority to hire and fire employees, determine employee work schedules, and control the finances and operations of the company.").

Here, Ms. Rodriguez has made no such allegations about the Franchisors' control of employees at Church's Chicken in Alabaster. Management and oversight of a *franchisee* does not inherently mean that the entities had the power to hire or fire, or make other personnel decisions, supervise work schedules, determine pay rate, or maintain records. Ms. Rodriguez has failed to provide factual assertions to support her claim that the Franchisors were her employers. Instead, Ms. Rodriguez has provided a general assertion that the Franchisor's had a management role in the franchisee and conclusory determined that mere fact renders the entities her employer under the FLSA.

Ms. Rodriguez also points to the franchise agreement between Yum Enterprises and Cajun Global and Cajun Operating Company as evidence of an employment relationship between herself and the latter Defendants. The agreement requires Yum Enterprises to send employees to attend a "Manager in Training" program conducted by Cajun Operating Company and Cajun Global. The Franchisors may dismiss a person from the training program. Ms. Rodriguez argues this program

evidences sufficient control over the Church's Chicken operated by Yum Enterprises to create an employment relationship between herself and Cajun Operating Company and Cajun Global.

But the training program alone does not magically turn the Franchisors into Ms. Rodriguez's employers. Ms. Rodriguez, who was not in a management position, did not participate in the program. Ms. Rodriguez makes several allegations about the relationship between the Defendants, but what she fails to assert are facts concerning *her relationship* with Cajun Global and Cajun Operating Company. A franchisor's ability to remove a franchisee's employees from its training program does not speak to whether an employment relationship exists between the franchisor and the party. *See Ceant*, 874 F. Supp. 2d at 1381.

Because a franchisor and franchisee may simultaneously employ a person under the FLSA, the court will grant Ms. Rodriguez leave to amend her complaint. *See Layton v. DHL Exp. (USA), Inc.,* 686 F.3d 1172, 1175 (11th Cir. 2012) (describing the test for joint-employment claims under the FLSA). However, the court reminds Ms. Rodriguez this will be the third amendment to her complaint and will be the last. The court will not permit another amendment. If Ms. Rodriguez's third amended complaint still fails to state a claim upon which relief can be granted against Cajun Global and Cajun Operating Company, the court will dismiss it with prejudice. The court will grant Cajun Global and Cajun Operating Company's motion to dismiss Count I and Count II as to the Franchisor Defendants. The counts remain against Yum Enterprises.

**B.      State Law Negligent Supervision Claim**

Both the Franchisor Defendants and Yum Enterprises have moved to dismiss Count III, alleging negligent supervision of the Ms. Rodriguez's manager. The Franchisors argue that the proper defendant in a negligent supervision claim is the plaintiff's employer, and because they are not Ms. Rodriguez's employer, the count should be dismissed. Yum Enterprises argues that the

court lacks subject matter jurisdiction over the negligent supervision claim. Even though the Franchisor Defendants did not raise subject matter jurisdiction in their brief, the court is obligated to consider it *sua sponte*. with respect to those Defendants *See Mallory & Evans Contractors & Engineers, LLC v. Tuskegee Univ*., 663 F.3d 1304, 1304 (11th Cir. 2011) ("The district court's jurisdiction in this case is not contested, but jurisdiction cannot be created by consent.").

The court will not consider the merits of Ms. Rodriguez's state law count because it lacks jurisdiction over the claim. As the parties acknowledge, Yum Enterprises and Ms. Rodriguez are both Alabama citizens. Therefore, the court does not have jurisdiction over the state law claim under 28 U.S.C. § 1332.

The court also does not have supplemental jurisdiction under 28 U.S.C. § 1367. When a district court has jurisdiction over a claim under 28 U.S.C. § 1331, it may exercise supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Claims form the same case if they arise out of a "common nucleus of operative fact." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165–66 (1997) (quoting *Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)). In determining whether state law claims satisfy this standard, courts examine "whether the claims arise from the same facts, or involve similar occurrences, witnesses or evidence." *Hudson v. Delta Air Lines, Inc*., 90 F.3d 451, 455 (11th Cir. 1996) (citing *Palmer v. Hosp. Auth. of Randolph Cty*., 22 F.3d 1559, 1566 (11th Cir. 1994)).

To prevail on her FLSA claim, Ms. Rodriguez must prove three elements: (1) she was employed by the Defendants; (2) she engaged in interstate commerce; and (3) she was not paid either the statutorily required minimum wage or overtime pay.

To prove her negligent supervision claim, Ms. Rodriguez must show (1) that the

Defendants knew, or should have known, the employee was incompetent, and (2) that the Defendants failed to exercise reasonable care while supervising the employee. *See Armstrong Bus. Servs., Inc. v. AmSouth Bank*, 817 So. 2d 665, 682 (Ala. 2001).

The two claims are not part of the same case or controversy. Ms. Rodriguez emphasizes that her manager is the common thread that weaves the claims together. Ms. Rodriguez argues her manager assaulted her, the factual anchor of her state law claim, and scheduled her hours, the factual predicate of her FLSA claim. But sharing a key character does not make two sets of claims part of the same case. Two novels can feature the same protagonist but tell different stories.

The nexus between the two claims is an alleged employment relationship between Ms. Rodriguez and the Defendants. But the similarities end there. To prove the FLSA claims, Ms. Rodriguez will likely offer her own testimony concerning her work schedule and the Defendant's payroll records (or lack thereof) as evidence. None of this evidence overlaps with the evidence to prove her negligent supervision claim, which would likely comprise her own testimony concerning the incident, perhaps eyewitnesses, and Ms. Robert's employment record. The witnesses who testify may be the same, but the overlap is mere happenstance. The claims share no common nucleus of operative fact but, at most, a coincidental connection. *See Dominguez v. Enriquez*, No. 2:13-CV-654-WKW, 2014 WL 345451, at *2 (M.D. Ala. Jan. 30, 2014) (holding that claims did not arise from a common nucleus of operative fact when the "only factual thread holding the two claims together is that the same parties . . . are involved in both claims"). The facts supporting each claim are fundamentally different, and therefore do not form the same case or controversy under § 1367(a).

Ms. Rodriguez argues that because her claims are already before the court in a single proceeding, "in the interest of judicial economy, they should be allowed to be litigated together."

(Doc. 30 at 4). However, the court does not have discretion to hear claims. If a court lacks subject matter jurisdiction over a claim, the court is "powerless to proceed to an adjudication." *Employers Reinsurance Corp. v. Bryant*, 299 U.S. 374, 382 (1937).

Because the court does not have jurisdiction over Count III, the court will dismiss the claim in its entirety without prejudice.

## IV.    CONCLUSION

The court will grant Cajun Global and Cajun Operating Company's Motion to Dismiss Counts I and II. Ms. Rodriguez may amend her complaint to allege facts that, if proven, would show that Cajun Global and Cajun Operating Company were in fact her employers. The court reminds Ms. Rodriguez that she must allege *plausibly* such facts and must comply with Rule 11 of the Federal Rules of Civil Procedure. Counts I and II remain as to Yum Enterprises.

Because the court lacks subject matter jurisdiction over the state law claim for negligent supervision in Count III of the complaint, the court will dismiss the claim without prejudice as to all Defendants. Ms. Rodriguez may amend her complaint and reassert the claim if she can plausibly allege facts which would show a common nucleus of operative fact between her state law and federal law claim. The court will enter a separate order consistent with this opinion, giving Ms. Rodriguez 14 days to amend her complaint.

**DONE** this 3rd day of May, 2017.

KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE